**STATE, Plaintiff, v. KEARNS and SELBY, Defendants.**

Common Pleas Court, Franklin County.

No. 34980.   Decided February 28, 1955.

Robert L. Albright, Justin L Sillman, R. Rush Warren, Columbus, for state.

John J. Chester, James C. Britt, Milton L. Farber, Columbus, for defendants.

## OPINION
By BARTLETT, J.

### THE DEMURRERS TO THE INDICTMENT ARE SUSTAINED.

The indictment charges the two defendants received money to compound and abandon a criminal prosecution against Myron T. Fitzgerald, that had been commenced.

The bill of particulars supplementing the indictment states that the money was received by Selby from Fitzgerald, the criminal prosecutions were for traffic violations, reckless operation of a motor vehicle and failure to maintain assured clear distance, and that Kearns aided and abetted the compounding and abandoning of said criminal prosecution, with the knowledge Selby received the money, by disposing of the case by entering a nolle prosequi as prosecuting attorney

On a motion to quash, if the language of the indictment and bill of particulars, are susceptible of more than one reasonable interpretation, the accused is entitled to the one most favorable to him. **Schleisinger v. State, 11 Oh St 69.** The same rule should apply to a demurrer.

The indictment and bill of particulars fail to disclose any relation of Kearns or Selby to the prosecution of said offenses, except the bill of particulars states Kearns aided and abetted the compounding and abandoning of the prosecution, as prosecuting attorney by entering thereto a nolle prosequi. The indictment fails to aver the official capacity of Kearns, an essential element, and consequently a fatal defect that cannot be cured by the bill of particulars. Neither the indictment nor the bill of particulars avers that Kearns had any knowledge such money was received by Selby for any illegal purpose.

Demurrers of the accused to the indictment, are sustained.